```
                                    ┌─────────────────────────────┐
                                    │  UNITED STATES DISTRICT COURT│
                                    │           FILED             │
                                    │                             │
                                    │                             │
                                    │  EASTERN DISTRICT OF LOUISIANA│
                                    │        Loretta G. Whyte     │
                                    │             Clerk           │
                                    └─────────────────────────────┘
```

MINUTE ENTRY
SEAR, J.
August 8, 2000

                UNITED STATES DISTRICT COURT
                EASTERN DISTRICT OF LOUISIANA

PING AN INS. CO. OF CHINA           CIVIL ACTION

VERSUS                             NO. 00-237

M/V SONG HAI ET AL               SECTION "G"


    A Preliminary Conference was held on August 8, 2000

    Participating:

    Christopher E. Carey
    E. Carroll Rogers
    Michael W. McMahon

    Pleadings have not been completed. Jurisdiction and venue are established.

    All pretrial motions, including motions *in limine regarding the admissibility of expert testimony*, shall be filed and served in sufficient time to permit hearing thereon no later than 30 days prior to the trial date. Any motions filed in violation of this Order shall be deemed waived unless good cause is shown. All other motions *in limine* shall be allowed to be filed up to the time of trial or as otherwise ordered by the Court.

DATE OF ENTRY _____



Counsel shall complete all disclosure of information as follows:

Depositions for trial use shall be taken and all discovery shall be completed not later than 30 days prior to Final Pretrial Conference Date.

Amendments to pleadings, third-party actions, cross-claims, and counterclaims shall be filed no later than 30 days from the date of the Preliminary Conference.

Counsel adding new parties subsequent to mailing of this Notice shall serve on each new party a copy of this Minute Entry. Pleadings responsive thereto, when required, shall be filed within the applicable delays therefor.

Written reports of experts, including treating physicians, who may be witnesses for Plaintiffs fully setting forth all matters about which they will testify and the basis therefor shall be obtained and delivered to counsel for Defendant as soon as possible, but in no event later than 90 days prior to Final Pretrial Conference Date.

Written reports of experts, including treating physicians, who may be witnesses for Defendants fully setting forth all matters about which they will testify and the basis therefor shall be obtained and delivered to counsel for Plaintiff as soon as possible, but in no event later than 60 days prior to Final Pretrial Conference Date.

Counsel for the parties shall file in the record and serve upon their opponents a list of all witnesses who may or will be called to

testify at trial and all exhibits which may or will be used at trial not later than 60 days prior to Final Pretrial Conference Date.

The Court will not permit any witness, expert or fact, to testify or any exhibits to be used unless there has been compliance with this Order as it pertains to the witness and/or exhibits, without an order to do so issued on motion for good cause shown.

Settlement possibilities were discussed. A further settlement conference will be scheduled at any time at the request of any party to this action.

This case does not involve extensive documentary evidence, depositions or other discovery. No special discovery limitations beyond those established in the Federal Rules, Local Rules of this Court, or the Plan are established.

A settlement/status conference will be held by telephone on January 25, 2001 at 10:00 a.m.

A Final Pretrial Conference will be held on February 21, 2001 at 2:00 p.m.. Counsel will be prepared in accordance with the final Pretrial Notice attached.

Trial will commence on March 26, 2001 at 9:00 a.m. before the District Judge without a jury. Attorneys are instructed to report for trial not later than 30 minutes prior to this time. The starting time on the first day of a jury trial may be delayed or moved up because of jury pooling. Trial is estimated to last 2 day(s).

Deadlines, cut-off dates, or other limits fixed herein may only be extended by the Court upon timely motion filed in compliance with the Plan and Local Rules and upon a showing of good cause. Continuances will not normally be granted. If, however, a continuance is granted, deadlines and cut off dates will be automatically extended, unless otherwise ordered by the court.

                                    MOREY L. SEAR
                         UNITED STATES DISTRICT JUDGE

THIS PRE-TRIAL NOTICE CONTAINS NEW MATERIAL.
REVISED MARCH, 1999.


UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA


PRE-TRIAL NOTICE


IT IS ORDERED that a pre-trial conference will be held in chambers before Judge Morey L. Sear, Section G, in the cases shown on the attached list on the dates and the times there indicated.

The purpose of the pre-trial conference is to secure a just and speedy determination of the issues. If the type of pre-trial order set forth below does not appear calculated to achieve these ends in this case, please arrange a conference with the Judge and opposing counsel immediately so that alternative possibilities may be discussed.

The procedure necessary for the preparation of the formal pre-trial order that will be reviewed and entered at this conference is as follows:

I.

The pre-trial order, in duplicate, must be delivered to the Court's chambers by 4:30 p.m. on a day that allows one full work day prior to the conference, excluding Saturdays, Sundays and holidays (i.e., if the conference is set for 10:00 a.m. Friday, it must be delivered by 4:30 p.m. Wednesday. If the conference is set on Monday, the pre-trial order will be delivered to the Judge on Thursday by 4:30 p.m.).

II.

Counsel for all parties shall confer in person (face to face) or by telephone at their earliest convenience for the purpose of arriving at all possible stipulations and for the exchange of copies of documents that will be offered in evidence at the trial. It shall be the **duty of counsel for plaintiff** to initiate this conference, and the **duty of other counsel to respond**. If, after reasonable effort, any party cannot obtain the cooperation of other counsel, it shall be his duty to communicate immediately with the

Court. The conference of counsel shall be held at **least ten days prior to the date of the scheduled pre-trial conference** in order that counsel for all parties can furnish each other with a statement of the real issues each party will offer evidence to support, eliminating any issues that might appear in the pleadings about which there is no real controversy, and including in such statement issues of law as well as ultimate issues of fact from the standpoint of each party. Counsel for plaintiff then will prepare a pre-trial order and submit it to opposing counsel, after which all counsel jointly will submit the original and one copy of the final draft of the proposed pre-trial order to the Judge.

III.

At their meeting, counsel **must** consider the following:

A. **Jurisdiction.** Since jurisdiction may not ever be conferred by consent and since prescription or statutes of limitations may bar a new action if the case or any ancillary demand is dismissed for lack of jurisdiction, counsel should make reasonable effort to ascertain that the Court has jurisdiction.

B. **Parties.** Correctness of identity of legal entities; necessity for appointment of tutor, guardian, administrator, executor, etc., and validity of appointment if already made; correctness of designation of party as partnership, corporation or individual d/b/a trade name.

C. **Joinder.** Questions of misjoinder or nonjoinder of parties.

IV.

At the pre-trial conference **counsel must be fully authorized and prepared to discuss settlement possibilities with the Court.** Counsel are urged to discuss the possibility of settlement with each other thoroughly before undertaking the extensive labor of preparing the proposed pre-trial order. Save your time, the Court's time, and the client's time and money.

V.

The pre-trial conference **must** be attended by the attorneys who will try the case, unless prior to the conference the Court grants permission for other counsel to attend. These attorneys will familiarize themselves with the pre-trial rules, and will come to the conference with full authority to accomplish the purposes of Rule 16 of the Federal Rules of Civil Procedure.

VI.

-2-

Pre-trial conferences will not be continued except for good cause shown in a **written** motion presented sufficiently in advance of the conference for opposing counsel to be notified.

VII.

Failure on the part of counsel to appear at the conference may result in **sanctions**, including but not limited to sua sponte dismissal of the suit, assessment of costs and attorney fees, default or other appropriate sanctions.

VIII.

All pending motions and all special issues or defenses raised in the pleadings must be called to the court's attention in the pre-trial order.

IX.

The **pre-trial order shall bear the signatures of all counsel at the time it is submitted to the Court**; the pre-trial order shall contain an appropriate signature space for the Judge. Following the pre-trial conference, the signed copy of the order shall be filed into the record, and the additional copy shall be retained in the Judge's work file. The order will set forth:

1. The date of the pre-trial conference.

2. The appearance of counsel identifying the party(s) represented.

3. A description of the parties, and in cases of insurance carriers, their insured must be identified. The legal relationships of all parties with reference to the claims, counterclaims, third-party claims and cross claims, etc.

4. a. With respect to jurisdiction, a brief summary of the factual basis supporting each claim asserted, whether original claim, counterclaim or third-party claim, etc., and, the legal and jurisdictional basis for each such claim, or if contested, the jurisdictional questions;

   b. In diversity damage suits, there is authority for dismissing the action, either before or after trial, where it appears that the damages reasonably could not come within the jurisdictional limitation. Therefore, the proposed pre-trial order in such cases shall contain either a stipulation that $75,000 is involved or a resume of the evidence

-3-

       supporting the claim that such sum reasonably could be awarded.

5. A list and description of any motions pending or contemplated and any special issues appropriate for determination in advance of trial on the merits. If the Court at any prior hearing has indicated that it would decide certain matters at the time of pre-trial, a brief summary of those matters and the position of each party with respect thereto should be included in the pre-trial order.

6. A brief summary of the material facts claimed by:
   a. Plaintiff
   b. Defendant
   c. Other parties.

7. A **single listing** of all uncontested material facts.

8. A **single listing** of the contested issues of fact. (This does not mean that counsel must **concur** in a statement of the issues; it simply means that they must list in a single list all issues of fact.) Where applicable, particularities concerning the following fact issues shall be set forth:

   a. Whenever there is in issue the seaworthiness of a vessel or an alleged unsafe condition of property, the material facts and circumstances relied upon to establish the claimed unseaworthy or unsafe condition shall be specified with particularity;

   b. Whenever there is in issue negligence of the defendant or contributory or comparative negligence of the plaintiff, the material facts and circumstances relied upon to establish the claimed negligence shall be specified with particularity;

   c. Whenever personal injuries are at issue, the nature and extent of the injuries and of any alleged disability shall be specified with particularity;

   d. Whenever the alleged breach of a contractual obligation is in issue, the act or omissions relied upon as constituting the claimed breach shall be specified with particularity;

   e. Whenever the meaning of a contract or other writing is in issue, all facts and circumstances surrounding execution and subsequent to execution, both those admitted and those disputed, which each party

-4-

    party contends aid interpretation, shall be specified with particularity;

 f. Whenever duress or fraud or mistake is in issue, and set forth in the pleadings, the facts and circumstances relied upon as constituting the claimed duress or fraud or mistake (see Fed. R. Civ. P. 9(b)) shall also be set forth in the pre-trial order;

 g. If special damages are sought, they shall be itemized with particularity. (See Fed. R. Civ. P. 9(g));

 h. If a conspiracy is charged, the details of facts constituting the conspiracy shall be particularized.

9. A **single listing** of the contested issues of law. (See explanation in 8 above.)

10. For each party, a list and description of exhibits intended to be introduced at the trial. **Prior to the confection of the pre-trial order, the parties shall meet, exchange copies of all exhibits, and agree as to their authenticity and relevancy. As to any exhibits to which the parties cannot agree, memoranda shall be submitted on or before five working days prior to trial.**

 a. **Each list of exhibits first should describe those that are to be admitted without objection, and then those to which there will be objection, noting by whom the objection is made** (if there are multiple adverse parties), **and the nature of the objection.** Markers identifying each exhibit should be attached to the exhibits at the time they are shown to opposing counsel during preparation of the pre-trial order;

 b. If a party considers he has good cause not to disclose exhibits to be used solely for the purpose of impeachment, he may ex parte request a conference with the Court and make his position known to the Court in camera.

 c. Where appropriate to preserve trade secrets or privileges, the listing of exhibits may be made subject to a protective order or in such other fashion as the Court may direct. If there are such

exhibits, the pre-trial order will state: The parties will discuss exhibits alleged to be privileged (or to contain trade secrets, etc.) at the pre-trial conference.

    d.    In addition to the formal list of exhibits, **counsel shall prepare copies for opposing counsel and a bench book of tabbed exhibits delivered to the Court five working days before the start of the trial.** If the trial is a jury trial and counsel desires to display exhibits to the members of the jury, then **sufficient copies** of such exhibits **must be available so as to provide each juror with a copy,** or alternatively, enlarged photographic copies or projected copies should be used. The Court has available a variety of electronic projection devices, and arrangements for its use should be made directly with the Clerk.

    e.    Unless otherwise ordered by the Court, only exhibits included on the exhibit list and/or for which memoranda have been submitted shall be included for use at trial.

    f.    Each counsel shall submit to the Court on the day of trial a list of exhibits properly marked for identification which he or she desires to use at trial. Counsel shall submit two copies of this list.

11.    a.    A list of all deposition testimony to be offered into evidence. The parties shall, prior to trial, meet and agree as to the elimination of all irrelevant and repetitive matter and all colloquy between counsel. In addition, the parties shall, in good faith, attempt to resolve all objections to testimony so that the Court will be required to rule only on those objections to which they cannot reach an agreement. As to all objections to the testimony which cannot be amicably resolved, the parties shall deliver to the Court, not less than **three** days prior to trial, a statement identifying the portions objected to, and the ground therefor. Proponents and opponents shall furnish the Court appropriate statements of authorities in support of their positions as to the proposed testimony.

    b.    In non-jury trials, the parties shall, at least **five** days prior to trial, submit to the Court:

-6-

> A summary of what each party intends to prove and convey to the Court by the deposition testimony, including, where appropriate, particular page and line reference to said depositions. The parties shall indicate to the Court by page and line numbers, those parts of the deposition which each party intends to use, and upon which each party shall rely, in proving their respective cases.

12. a. A list and brief description of any charts, graphs, models, schematic diagrams, and similar objects which, although not to be offered in evidence, respective counsel intend to use in opening statements or closing arguments;

    b. Either a stipulation that the parties have no objection to the use of the listed objects for such purpose, or a statement of the objections to their use; and a statement that if other such objects are to be used by any party, they will be submitted to opposing counsel at least three days prior to trial and, if there is then opposition to their use, the dispute will be submitted to the Court at least one day prior to trial.

13. a. A list of witnesses for all parties, including the names, addresses, a statement of the general subject matter of their testimony (**it is not sufficient to designate the witness simply "fact," "medical" or "expert"**), and an indication in good faith of those who will be called in the absence of reasonable notice to opposing counsel to the contrary;

    b. A statement that the witness list was filed in accordance with prior court orders. No other witness shall be allowed unless agreeable to all parties and their addition does not affect the trial date. This restriction will not apply to rebuttal witnesses or documents whose necessity cannot reasonably be anticipated. Furthermore, in the case of expert witnesses, counsel shall certify that they have exchanged expert reports in accordance with prior court orders. Expert witnesses whose reports have not been furnished opposing counsel shall not be permitted to testify nor shall experts be permitted to testify to opinions not included in the reports timely furnished;

    c. Except for good cause shown, the Court will not

    permit any witness to testify unless with respect to such witness there has been complete compliance with all provisions of the pre-trial order and prior court orders;

  d. Counsel shall not be allowed to ask questions on cross-examination of an economic expert which would require the witness to make mathematical calculations in order to frame a response unless the factual elements of such questions shall have been submitted to that expert witness not less than three full working days before trial.

14. A statement indicating whether the case is a jury or non-jury case.

  a. If the case is a jury case, then indicate whether the jury trial is applicable to all aspects of the case or only to certain issues, which issues shall be specified. In jury cases, add the following provisions:

    "Proposed jury instructions, special jury interrogatories, trial memoranda and any special questions that the Court is asked to put to prospective jurors on voir dire shall be delivered to the Court and opposing counsel not later than five working days prior to the trial date, unless specific leave to the contrary is granted by the Court."

  b. In a non-jury case, suggested findings of fact and conclusions of law and a separate trial memorandum are required, unless the Court enters an order that such is not required. Same are to be submitted not less than five full working days prior to trial.

  c. In a jury case, a trial memorandum shall be required only when and to the extent ordered by the Court. However, any party may in any event submit such memoranda not less than five working days prior to trial and should accomplish this with respect to any anticipated evidentiary problems which require briefing and jury instructions requiring explanation beyond mere citation to authority.

15. In cases where damages are sought, include a statement for completion by the Court, that "The issue of liability (will or will not) be tried separately from that of quantum." It is the policy of this Court in appropriate

-8-

cases to try issues of liability and quantum separately. Accordingly, counsel should be prepared to discuss at the pre-trial conference the feasibility of separating such issues. Counsel likewise should consider the feasibility and desirability of separate trials as to other issues.

16. A statement describing any other matters that might expedite a disposition of the case.

17. A statement that trial shall commence on _____, 19____ at _____ a.m./p.m. A realistic estimate of the number of trial days required. Where counsel cannot agree upon the number of trial days required, the estimate of each side should be given. In addition, the proposed order must contain a sentence including the trial date and time previously assigned.

18. The statement that "This pre-trial order has been formulated after conference at which counsel for the respective parties have appeared in person. Reasonable opportunity has been afforded counsel for corrections, or additions, prior to signing. Hereafter, this order will control the course of the trial and may not be amended except by consent of the parties and the Court, or by order of the Court to prevent manifest injustice."

19. The statement that "Possibility of settlement of this case was considered."

20. The proposed pre-trial order must contain appropriate signature spaces for counsel for all parties and the Judge.

   IT IS FURTHER ORDERED that the foregoing pre-trial notice be mailed to counsel of record for all parties to these cases, and counsel will comply with the directions set forth herein.

New Orleans, Louisiana

_____        _____
                                       UNITED STATES DISTRICT JUDGE

**EACH NUMBERED PARAGRAPH IS TO BE PRECEDED
BY A HEADING DESCRIPTIVE OF ITS CONTENT**



United States District Court
Eastern District of Louisiana
500 Camp Street
New Orleans, Louisiana 70130

Chambers of
Morey L. Sear
Chief Judge Emeritus

## THE FUNCTION OF THE PRE-TRIAL CONFERENCE

"One of the prime purposes of the Federal Rules is to expedite the disposition of cases and lessen the cost of litigation. This is indicated in Rule 1. The second sentence thereof provides that the Rules 'shall be construed to secure the just, speedy, and inexpensive determination of every action.'" 3 Moore's Federal Practice 16.02 (2d ed. 1983). The pre-trial conference plays an essential role in attaining these ends.

Rule 16 (e) of the Federal Rules of Civil Procedure provides for pre-trial procedure. It provides, in part:

> "After any conference held pursuant to this rule, an order shall be entered reciting the action taken. **This order shall control the subsequent course of the action unless modified by a subsequent order.** The order following a final pretrial conference shall be modified only to prevent manifest injustice." (Emphasis added.

This rule "establishes legal machinery whereby the court, as well as the parties, may participate in the pre-trial investigation and in the sifting of issues and evidence in actions pending before it, with the view of simplifying, shortening and possibly avoiding a trial. The chief purposes of the pre-trial conference are to define and simplify the issues, to lessen surprise at trial and the risk of judicial error, to conclude stipulations on matters of evidence, and to promote settlements." 3 Moore's Federal Practice 16.02 (2d ed. 1983).

"The fundamental premise of the federal rules is that a trial is an orderly search for the truth in the interest of justice rather than a contest between two legal gladiators with surprise and technicalities as their chief weapons." Judicial Conference of the United States, Seminars for Newly Appointed United States District Judges, p. 29.

When you attend the pre-trial conference of which you are notified by the attached order, you must be prepared to accomplish these purposes. You are reminded that ". . . [S]urprise, both as a weapon of attack and defense, is not to be tolerated under the . . . Federal procedure.;" Pakech v. American Export-Isbrandtsen Lines, Inc. , 69 F.R.D. 534, 538 (E.D.PA. 1976). In order to avoid surprise, the Court will expect you to tell it and your opponent who your witnesses will be and exactly what their testimony will be. It will expect you to conclude any issue about which there is not an honest controversy. You

1

must be prepared to assist the court in simplifying the issues so that only the real points in dispute will be presented for trial.

At the pre-trial conference, you will be asked whether you and opposing counsel have fully explored the possibility of settlement. No litigant is expected or urged to compromise a matter of principle, and no litigant will be coerced into a settlement. However, in order for you to be able to discuss possible settlement of the case intelligently, you should be prepared to state your client's position with respect to settlement and you should be authorized to conclude a settlement if one is proposed within your authority.

The pre-trial conference is not merely formality. It is a vital stage in your preparation for trial. You should therefore prepare thoroughly for the conference with the end of "converting a lawsuit from a game of maneuvers and surprise into a rational, orderly search for truth and right." Brennan, "The Continuing Education of the Judiciary in Improved Procedures" in Proceedings of the Seminar on Practice and Procedure under the Federal Rules of Civil Procedure, 28 F.R.D. 37, 43 (1960).

You are reminded of the often quoted statement of Chief Judge Murrah:

"While the case is in the hands of the lawyers before
it has been filed in court, it is their business -- but
after it reaches the court, it is the public's business,
and it is the duty of all to see that it is moved along
to final disposition.



United States District Court
Eastern District of Louisiana
500 Camp Street
New Orleans, Louisiana 70130

Chambers of
Morey L. Sear
Chief Judge Emeritus

## PREPARATION FOR TRIAL

Our paramount goal in the trial of your case is to accomplish justice. The following rules are designed to achieve that result. If any of these rules create a problem for you in any case, discuss your problem with the court and opposing counsel in advance of trial, if possible.

Prepared trials are the best trials. They present the facts most clearly and therefore aid in obtaining justice. Courts and lawyers must conserve the time of juries, witnesses, and the parties. They owe a duty to advance the administration of justice by making the trial an efficient and clear exposition of the real issues. These rules are designed to prevent the waste of time and expedite the administration of justice without impeding in any way the ability of the lawyer, as an advocate, to present his client's case fully and fairly:

1. All jury trials will start at 8:30 a.m. and non-jury trials at 10:00 a.m. unless you are notified differently at the pre-trial conference. Notify your witnesses and the parties to be on time. Starting time for each subsequent trial day will be given to you before the afternoon recess of the day before. In a multi-day trial, we will normally recess about 5:30 p.m. Arrange for your witnesses accordingly. We will not recess to permit you to call a missing witness unless he has been subpoenaed and failed to appear. In that case, we will handle the matter as the interests of justice require, and we will consider issuing a bench warrant.

2. The Court is available for conferences of any kind up to the moment trial is to start, and will usually meet with counsel, if necessary, the evening prior to trial. But trials will start promptly when scheduled. It is therefore necessary for you to arrive not less than 15 minutes prior to starting time. If it is necessary to consider any matter prior to commencing trial, it shall be your responsibility to arrange for me as well as your opponent to be present so that it may be disposed of without delaying the trial.

3. All exhibits must be numbered, marked and introduced before trial starts. All exhibits will be offered and received in evidence as the first item of business at the trial. Exhibits shall be prepared, tendered and objections made in accordance with procedures established in paragraph 10 of the pre-trial notice. Counsel shall provide two copies of exhibits for the Court.

1

4. If any disposition is to be read, counsel shall carefully follow the procedures outlined in paragraph 11 of the pre-trial notice.

5. Be prepared, when the trial starts, to give the courtroom deputy a list of your witnesses in the order you want them so she can have each witness ready to come in when needed.

6. In a jury trial, if any hypothetical questions are to be put to an expert witness on direct examination, they will be written in advance and submitted before trial starts.

7. Notify doctors and expert witnesses now of the date of trial so that you can take depositions if they will not be available. Video conferencing equipment is available at the Court to permit witnesses who cannot come to Court to testify "live". Inquire regarding this facility in chambers.

8. Have your expert witnesses prepare a curriculum vitae and deliver it to opposing counsel and the Court at least three working days prior to the trial so that expert qualifications can be stipulated, if possible.

9. Proposed jury charges must be submitted at least five days before trial. If the Court distributes a sample charge to counsel, then plaintiff's counsel will actually deliver, at least five calendar days before trial, two copies of a completed proposed charge to the Court and one copy to each other counsel. Opposing counsel will actually deliver requests for additional charges and objections to the proposed charge at least two days before trial.



United States District Court
Eastern District of Louisiana
500 Camp Street
New Orleans, Louisiana 70130

Chambers of
Morey L. Sear
Chief Judge Emeritus

## PROCEDURE FOR REQUESTING SPECIAL JURY CHARGES

Each separate jury charge requested by you must be prepared on a separate sheet of paper (8-1/2" x 11" in size). It is not necessary to type the caption of the case on each sheet.

Each requested charge must be followed by citation to the authority that counsel relies upon to support the request.

Each request must be submitted in duplicate so that a copy may be used by the court and a copy may be inserted in the record.

A copy of each request must be submitted to opposing counsel at or before the time requests are submitted to the court.

Requests must be submitted five days prior to trial. Additional requests arising out of matters that could not reasonably be foreseen may be submitted at any time during the trial, but counsel must take into account the fact that submission during trial will prevent the court from studying the request adequately.



United States District Court
Eastern District of Louisiana
500 Camp Street
New Orleans, Louisiana 70130

Chambers of
Morey L. Sear
Chief Judge Emeritus

# PROPOSED FINDINGS OF FACT AND CONCLUSIONS OF LAW

Proposed findings of fact and conclusions of law will be required in accordance with the following instructions.

Plaintiff's proposals shall include first, a narrative statement of all facts proposed to be proved, and second, concise statement of the plaintiff's legal contentions and the authorities supporting them.

The narrative statement of facts shall set forth in simple, declarative sentences all of the facts relied upon in support of the plaintiff's claim for relief. The narrative statement of facts shall be complete in itself and shall contain no recitation of what any witness testified to, or what any defendant stated or admitted in these or other proceedings, and no reference to the pleadings or other documents or schedules as such. It may contain references in parentheses to the names of witnesses, depositions, pleadings, exhibits or other documents, but no party shall be required to admit or deny the accuracy of such references. The narrative statement of facts shall be so constructed that each of the opposite parties will be able to admit or deny each separate sentence of the statement. Each separate sentence of the statement shall be separately and consecutively numbered.

In the separate section of the proposals containing the proposed conclusions of law, all legal contentions of each plaintiff necessary to demonstrate the liability of each defendant to such plaintiff, shall be separate, clear, and concisely stated in separately numbered paragraphs. Each paragraph shall be followed by citation of authorities that support the proposed conclusion.

Defendant shall file pre-trial proposals containing factual statements admitting or denying each separate sentence contained in the narrative statement of fact of each plaintiff, except when a portion of a sentence is admitted and a portion denied. In those instances, each defendant shall state clearly the portion admitted and the portion denied. Each separate sentence of each defendant's response shall bear the same number as the corresponding sentence in the plaintiff's narrative statement of fact. In a separate portion of each defendant's narrative statement of fact, the defendant shall set forth in a separate narrative statement all affirmative matters of a factual nature relied upon by it. The defendant's narrative statement of affirmative factual matter shall be contained in a narrative statement of facts constructed in the same manner as the plaintiff's narrative statement of facts.

Defendant shall file, in a separate part of its proposals, a statement of its proposed conclusions of law, which shall directly respond to plaintiff's separate legal contentions and contain the contentions of the defendant necessary to demonstrate the non-liability or limited liability of the defendant, or both. The statement of legal contentions of each defendant shall be constructed in the same manner provided for in the similar statement of each plaintiff.